# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**RICKY RAY ROCKWELL,**

    **Plaintiff,**

v.                                          **Case No. 3:14-cv-9190**

**JOSEPH F. ADAMS, Assistant
United States Attorney; and TOM
BEVINS, Special Agent DEA,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Plaintiff's *pro se* Complaint seeking the dismissal of his criminal indictment, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED, without prejudice,** and removed from the docket of the Court.

## I. Relevant History

On July 11, 2012, a criminal complaint was filed in the Southern District of West Virginia against Plaintiff Ricky Ray Rockwell ("Rockwell") for distribution of a quantity

of heroin, in violation of 21 U.S.C. § 841(a)(1).[1] At the time, Rockwell was incarcerated at the Western Regional Jail on unrelated state charges.

On July 30, 2012, Rockwell appeared before the undersigned for his initial appearance and preliminary hearing, pursuant to a Writ of Habeas Corpus ad prosequendum issued for his retrieval from the Western Regional Jail. (Crim. No. 3:12-cr-00180, ECF Nos. 14, 15). On August 29, 2012, Rockwell was indicted by a federal grand jury on the charge contained in the federal criminal complaint. (Crim. No. 3:12-cr-00180, ECF No. 21). An arrest warrant was issued and the United States filed a detainer with the Western Regional Jail where Rockwell continued to be held as a pretrial state detainee. (Crim. No. 3:12-cr-00180, ECF No. 50 at 3).

Between September 2012 and May 10, 2013, Rockwell was convicted and sentenced on his state charges, and on May 15, 2013 he was transferred to federal custody. (*Id.*). Rockwell's arraignment on the federal indictment was held on May 16, 2013. (Crim. No. 3:12-cr-00180, ECF Nos. 28, 29). On June 17, 2013, the District Court granted Rockwell's counsel leave to withdraw from representing him, and continued his trial date pending appointment of new counsel. (Crim. No. 3:12-cr-00180, ECF No. 44). On July 8, 2013, new counsel was appointed and Rockwell's original trial date of July 23, 2013 was rescheduled for October 1, 2013. (Crim. No. 3:12-cr-00180, ECF No. 46). On August 6, 2013, Rockwell filed a Motion to Dismiss the indictment on the ground that his rights under the Speedy Trial Act had been violated. (Crim. No. 3:12-cr-00180, ECF No. 48).

---

[1] The relevant history is taken from records filed in *United States v. Ricky Ray Rockwell,* Case No. 3:12-cr-180 (S.D.W.Va) ("Crim No. 3:12-cr-00180").

On September 10, 2013, a federal grand jury issued a superseding indictment charging Rockwell with both distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1), and with conspiracy to distribute heroin and crack cocaine in violation of 21 U.S.C. § 846. (Crim. No. 3:12-cr-00180, ECF Nos. 53, 54). On September 16, 2013, Rockwell was arraigned on the superseding indictment, and his trial was scheduled for November 19, 2013, pursuant to his request for a new trial date. (Crim. No. 3:12-cr-00180, ECF No. 60). Prior to the District Court's ruling on Rockwell's speedy trial motion, Rockwell entered into a plea agreement with the United States, in which he agreed to plead guilty to the conspiracy charge in exchange for dismissal of the distribution charge. (Crim. No. 3:12-cr-00180, ECF No. 88). Accordingly, a Rule 11 hearing was held on November 4, 2013, at which Rockwell entered a guilty plea to the conspiracy charge consistent with his agreement. (Crim. No. 3:12-cr-00180, ECF Nos. 85, 87).

On February 10, 2014, while awaiting his sentence, Rockwell filed the instant action against Assistant United States Attorney Joseph Adams and Special Agent Tom Bevins, alleging that they had violated his Sixth Amendment right to a speedy trial and his rights under the Speedy Trial Act. (ECF No. 2).

On February 24, 2014, Rockwell was sentenced to 48 months imprisonment and a judgment was entered on his federal criminal case. (S.D.W.V. Crim. No. 3:12-cr-00180, ECF Nos. 94, 95).

## II. Plaintiff's Claims and Requested Relief

Rockwell asserts that (1) he has been denied his Sixth Amendment right to a speedy trial, and (2) denied various rights under the Speedy Trial Act, 18 U.S.C. § 3161. (ECF No. 2 at 4-5). Rockwell alleges that Agent Bevins gave false testimony on cross

3

examination during a pretrial motions hearing on September 16, 2013, and that AUSA Adams "knew of [the] violation for 18 months and ignored [his] rights way before December 2013." (ECF No. 2 at 4-6). Rockwell seeks to have his original complaint and subsequent indictments dismissed. (ECF No. 2 at 5).

### III.   In Forma Pauperis Screening

Pursuant to 28 U.S.C. § 1915(e), an action proceeding in forma pauperis must be dismissed if the Court determines that it "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A case is "frivolous" if it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the event of a *pro se* complaint, the court must liberally construe the allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must still contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were

never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. Discussion

Rockwell argues that he was denied his right to a speedy trial before the federal district court under both the Sixth Amendment and 18 U.S.C. § 3161. (ECF No. 2). Such claims are typically addressed during pretrial proceedings, on direct appeal, or on a § 2255 motion to vacate, set aside, or correct a sentence. *See e.g., United States v. Keita*, 742 F.3d 184, 187-88 (4th Cir. 2014) (appeal); *United States v. Mosteller*, 741 F.3d 503 (4th Cir. 2014) (appeal); *United States v. Thomas*, 305 F. App'x 960, 962 (4th Cir. 2009) (§ 2255); *Hare v. United States*, No. RWT-7-189, 2013 WL 5423959, (D. Md. Sept. 26, 2013). In this case, however, Rockwell filed his complaint after pleading guilty and before being sentenced. Thus, he inexplicably instituted the case after the pretrial proceedings had concluded, but before any direct appeal or collateral action was ripe.

Essentially, then, Rockwell seeks mandamus relief from the trial court's failure to dismiss his criminal indictment. However, mandamus is a "drastic remedy and should only be used in extraordinary situations. *In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) (citing *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). Moreover, mandamus "may not be used as a substitute for an appeal," *In re Kemph*, 522 F. App'x 198, 198 (4th Cir. 2013), nor is it appropriate when there are "other adequate means to attain the relief he desires." *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)). Here, Rockwell had "the ability to file a

direct appeal and seek relief under section 2255, once sentenced." *United States v. Ferguson*, 667 F.Supp.2d 567, 571 (M.D.N.C. 2009) (denying petition for coram nobis to a defendant who had been convicted but not yet sentenced). Although Rockwell's opportunity to appeal his conviction now appears to have expired, *see* Rule 4(b), Federal Rules of Appellate Procedure, he is still well within the one-year limitations period for filing a § 2255 petition to vacate his sentence. *See* 28 U.S.C. § 2255(f).

To the extent Rockwell seeks to bring a *Bivens*-type action against Agent Bevins and AUSA Adams for violating his constitutional right to a speedy trial, his complaint must be dismissed as to both defendants. Constitutional claims against federal defendants are typically pursued under the so-called *Bivens* doctrine. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, "the Supreme Court held that 'violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability." *Cioca v. Rumsfeld*, 720 F.3d 505, 508 (4th Cir. 2013). The Supreme Court later expanded *Bivens* causes of actions to include Due Process claims under the Fifth Amendment and Cruel and Unusual Punishment claims under the Eighth Amendment. *See Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). However, the Supreme Court has subsequently "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts." *Cioca*, 720 F.3d at 510 (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 421, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)). *Bivens* has never been extended to provide an alternate remedy to speedy trial violations, and indeed, the Supreme Court

has held that dismissal is the only possible remedy for a speedy trial violation. *See Strunk v. United States*, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

Finally, although the Speedy Trial Act does, under certain circumstances, allow for sanctions to be levied against the attorney for the Government, *see* 18 U.S.C. § 3162(b), it does not provide a separate private civil cause of action for pursuing sanctions. *See also Mousseaux v. United States Comm'r of Indian Affairs*, 806 F.Supp. 1433, 1437-38 (D.S.D. 1992) (noting that the petitioner's "remedy, if he believed [the district court's] decision [finding no violation of the Speedy Trial Act] to be in error, was to appeal the decision of the district court, not to file a separate, civil cause of action."). Instead, trial courts are instructed to "follow procedures established in the Federal Rules of Criminal Procedure in punishing any counsel or attorney for the Government pursuant to [§ 3162]." 18 U.S.C. § 3162(c). Accordingly, Rockwell has failed to state a cognizable cause of action under the Speedy Trial Act.

Therefore, the undersigned **RECOMMENDS** that the District Court **DENY** Rockwell's request for relief and **DISMISS** his complaint without prejudice for failure to state a claim upon which relief may be granted.

### V. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

1. Plaintiff's Complaint (ECF No. 2) be **DENIED**;
2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED**; and
3. This civil action be **DISMISSED, without prejudice,** and removed from the docket of this Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED**: April 11, 2014.

Cheryl A. Eifert
United States Magistrate Judge